**QINDI ZHU, aka Quin Pa Zhu, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 12–889.

United States Court of Appeals, Second Circuit.

July 25, 2013.

Gary J. Yerman, New York, NY, for Petitioner.

Stuart F. Delery, Acting Assistant Attorney General; James A. Hunolt and Erica B. Miles, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: RICHARD C. WESLEY, GERARD E. LYNCH, and CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

Qindi Zhu, a native and citizen of the People's Republic of China, seeks review of a February 13, 2012, decision of the BIA denying his motion to reopen. *In re Qindi Zhu,* No. A096 011 152 (B.I.A. Feb. 13, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). We find no abuse of discretion in this case.

Zhu concedes that his motion to reopen was filed more than 90 days after his administrative removal order became final in 2005. It is therefore untimely unless it falls within an exception to the time limitation that generally governs motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8

C.F.R. § 1003.2(c)(2). Zhu contends that the limitation does not apply here because his motion is "based on changed circumstances arising in" China, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). His arguments are unpersuasive.

Zhu's motion to reopen is premised on a renewed claim for asylum based on his alleged political activities with the Chinese Democratic Party in the United States, beginning after he was ordered removed in 2005. Zhu's political activities constitute a change in personal circumstances arising in the United States, not a change of conditions arising in China, and are therefore insufficient to establish an exception to the 90–day time limitation. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir.2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir.2006).

Zhu alleges that conditions in China have changed as a result of his political activities in the United States. The BIA concluded that Zhu's documentation failed to establish changed conditions in China, and that conclusion is supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008) (reviewing BIA's factual findings regarding changed country conditions under the substantial evidence standard).

The BIA's decision indicates that it considered all of the evidence included with Zhu's third motion to reopen, including a letter from his wife. Contrary to Zhu's assertions, the BIA did not abuse its discretion in finding the unsworn, uncorroborated letter unpersuasive and entitled to limited evidentiary weight in light of a prior finding that Zhu was not a credible witness. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir.2007) (holding that the BIA did not abuse is discretion in declining to credit unauthenticated documents submitted with a motion to reopen

where alien had been found not credible in the underlying proceedings).

The BIA also reasonably concluded that Zhu's other evidence failed to establish changed conditions in China, as it reflected a continuation of, rather than a change in, China's treatment of political dissidents since the time of Zhu's hearing. Finally, Zhu's argument that the BIA applied an erroneously high burden of proof fails to recognize that a petitioner seeking to reopen immigration proceedings must meet a "heavy burden," *INS v. Abudu*, 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Zhu's pending motion for a stay of removal is DISMISSED as moot.